IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRENCE JEFFRIES,<br>       Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PA, et al.,<br>       Respondents. | Civil Action No. 07-320 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Respondents' motion to dismiss petition for writ of habeas corpus [Document # 12] be granted, that the Petition for Writ of Habeas Corpus be dismissed, and that a certificate of appealability be denied.

### II. REPORT

On or about November 20, 2007, Petitioner Terrence Jeffries, a state prisoner incarcerated at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania, filed with this Court a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Document # 1]. In his petition, Petitioner claims that: (i) he was afforded ineffective assistance of trial counsel; (ii) he was "unlawfully induced" to enter a guilty plea; (iii) the sentence he received was greater than the lawful maximum; and (iv) now available exculpatory evidence was unavailable at the time of trial. (Document # 1 at pp. 5-10). As relief for his claims, Petitioner seeks "relief from the sentence and conviction." (Id. at p. 14).

Respondents have submitted the relevant portions of the state court record in hard-copy format and the documents contained therein are indexed and numbered 1 through 44. Documents within the state court record will be cited as "SCR No. __."

1

### A. Relevant Factual and Procedural History

By information filed at CR No. 2854 of 2005 (SCR No. 2), the Erie County District Attorney charged Petitioner with the following counts that were alleged to have occurred on or about July 16, 2005:

1. Criminal Mischief, 18 P.S. § 3304, a summary offense;
2. Public Drunkenness, 18 P.S. § 5505, a summary offense;
3. Defiant Trespass, 18 P.S. § 3503(b)(1)(I), a third degree misdemeanor; and
4. Criminal Attempt, 18 P.S. § 3928, a second degree misdemeanor.

By information filed at CR No. 3439 of 2005 (SCR No. 31), the Erie County District Attorney charged Petitioner with the following counts that were alleged to have occurred on or about June 14, 2005:

1. Driving Under the Influence of a Controlled Substance, 75 P.S. § 3802(D)(i)(ii), a misdemeanor; and
2. Driving with a burned out brake light in violation of General Lighting Requirements, 75 P.S. § 4303(B), a summary offense.

On January 10, 2006, Petitioner entered a plea of guilty to all counts at CR Nos. 2854 and 3439 of 2005. (SCR No. 4). By separate sentencing orders, dated March 7, 2006, Petitioner was sentenced to serve a minimum of 72 hours and a maximum of six months incarceration, followed by 24 months of probation and 75 hours of community service, and was ordered to pay various fines, costs and restitution. (SCR Nos. 5, 33). On the same date, an Order was issued by the trial court at CR No. 34439 of 2005, granting Petitioner parole and ordering his immediate release from incarceration. (SCR No. 35).

On April 5, 2006, Petitioner filed a Notice of Appeal from the sentencing order entered at CR No. 2854 of 2006. A Statement of Matters Complained of on Appeal was later filed by Petitioner on May 1, 2006, claiming that: (i) he did not enter his guilty plea voluntarily, knowingly and willingly; (ii) his trial counsel failed to inform him of the ramifications of the guilty plea and was, therefore, ineffective; and (iii) he could have received a better plea bargain had his attorney not been ineffective. (SCR No. 10).

On May 4, 2006, the trial judge -- the Honorable Ernest J. DiSantis, Jr. ("Judge DiSantis") -- issued a memorandum opinion suggesting that Petitioner's direct appeal be denied and that Petitioner be directed to file a petition under the Post Conviction Relief Act ("PCRA

petition") because he was essentially raising claims of ineffective assistance of counsel. (SCR No. 11). Thereafter, on May 17, 2006, Petitioner attempted to file a *pro se* PCRA petition challenging his sentences at both CR Nos. 2854 and 3439 of 2005; however, this petition was dismissed by Judge DiSantis, without prejudice, because, *inter alia,* Petitioner had a direct appeal pending before the Superior Court on CR No. 2854 of 2005. (SCR Nos. 12-14).

On May 24, 2006, Petitioner withdrew his direct appeal before the Superior Court on CR No. 2854 of 2005. (SCR No. 15). He thereafter re-filed his PCRA petition with the trial court on July 5, 2006, and PCRA counsel was appointed to represent him. (SCR Nos. 16 and 17). On July 31, 2006, Petitioner's appointed PCRA counsel filed a motion to withdraw as counsel, together with a letter indicating that the PCRA petition had no merit. (SCR No. 18). On August 21, 2006, the Judge DiSantis issued a Final Order denying Petitioner's PCRA petition, without an evidentiary hearing. (SCR No. 20).

On September 19, 2006, by information docketed at CR No. 2128 of 2006, the Erie County District Attorney charged Petitioner with Simple Assault, 18 P.S. § 2701(a)(1), a second degree misdemeanor, alleged to have been committed on or about June 24, 2006. (SCR No. 39). After a jury trial held on November 15, 2006, Petitioner was found guilty of Simple Assault, and was sentenced by the Honorable Shad Connelly ("Judge Connelly") on December 28, 2006 to serve a minimum of 8 months and a maximum of 24 months of incarceration, consecutive to the sentence on Count 3 at CR No. 2854 of 2005. (SCR Nos. 41, 43). Also on December 28, 2006, Judge Connelly issued a "Revocation and Re-Sentencing Order (Probation)" at CR No. 2854 of 2005, which, *inter alia*, essentially reduced Petitioner's probation sentence at Count 3 from 12 months to 6 to 12 months, with a credit of 156 days to be applied. (SCR No. 21).

On or about August 20, 2007, Petitioner filed a *pro se* PCRA petition at CR Nos. 2854 of 2005 and 2128 of 2006, claiming: (i) ineffective assistance of counsel; (ii) unlawfully induced guilty plea; (iii) unavailability at trial of exculpatory evidence that subsequently became available and would have changed the outcome of the trial; and (iv) imposition of a sentence greater than the lawful maximum. (SCR No. 23). This petition was later amended by Petitioner on or about August 30, 2007, to include the conviction and sentence at CR No. 3439 of 2005. (SCR No. 24).

3

On September 7, 2007, Judge Connelly entered an Order appointing William Hathaway, Esquire, as Petitioner's PCRA counsel. (SCR No. 25). On November 19, 2007, Attorney Hathaway filed a supplement to Petitioner's amended PCRA petition, opining that Petitioner "lack[ed] any colorable basis to assert PCRA claims...," yet contending that Petitioner "stated a prima facie case for postconviction collateral relief in the nature of the reinstatement of his right to appeal nunc pro tunc," based upon Petitioner's claim that his trial counsel failed to heed his request to file a direct appeal from the judgment of sentence entered at CR No. 2128 of 2006. (SCR No. 27 at p. 2). As a result, Attorney Hathaway requested an evidentiary hearing to determine whether Petitioner's trial counsel failed to comply with Petitioner's timely request for a direct appeal.

On December 12, 2007, Judge Connelly entered an Order scheduling an evidentiary hearing as requested by Attorney Hathaway, with regard to CR No. 2128 of 2006 only. (SCR No. 29). No further state court records have been submitted to this Court, other than a copy of Judge Connelly's court schedule for March 27, 2008, indicating that the evidentiary hearing regarding Petitioner's PCRA petition was ultimately held on that date. (See attachment to Document # 12, at p. 1).

On March 31, 2008, Respondents filed a motion to dismiss petition for writ of habeas corpus, asserting that Petitioner is not entitled to federal habeas review of the claims raised in his petition because he did not properly present those claims, or fully "exhaust" them, before the Pennsylvania courts. [Document # 12]. Despite being granted ample time to do so, Petitioner has failed to file a response to Respondents' motion to dismiss. This matter is now ripe for consideration.

### B. **Exhaustion**

The doctrine of "exhaustion" requires a state prisoner to first present his federal constitutional claims to the state courts before raising those claims in federal habeas court. <u>Bond v. Fulcomer</u>, 864 F.2d 306 (3d Cir. 1989). Although the requirement of exhaustion is not jurisdictional, it "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions."

4

Landano v. Rafferty, 897 F.2d 661, 669 (1990). The requirement of exhaustion also recognizes the duty, and ability, of the state courts to uphold federal law, and serves the interest of ensuring a fully developed record in the state court. Id.

To comply with the exhaustion requirement, a state prisoner first must have fairly presented his federal constitutional claims to the state courts on direct appeal, collateral review, or some other available procedures for judicial review. See e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). Moreover, the petitioner must appeal any denial of those claims through the state's "established appellate review process" before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999). In Pennsylvania, this requirement means that a petitioner in non-capital case must present every claim raised in his or her federal petition to both the Common Pleas Court and the Superior Court either on direct appeal, during PCRA proceedings, or through some other available procedure for review. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).[1]

Here, all of the federal constitutional claims that Petitioner raises in the instant petition were raised in his PCRA motion that was pending at the time the petition was filed with this Court. This Court presumes that the PCRA court issued an order shortly after the evidentiary hearing that was held before Judge Connelly on March 27, 2008. Petitioner would then have had either thirty days to file an appeal from the trial court's PCRA decision, if it was not favorable to him, or he would have been given additional time to file a direct appeal of his judgment of

---

[1]

On May 9, 2000, the Supreme Court of Pennsylvania issued Order No. 218, which held that: "[W]e hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 (Pa. May 9, 2000). The Court of Appeals for the Third Circuit determined in Lambert that: "Order No. 218 serves to remove review of criminal and collateral appeals from the 'normal' and 'established' appellate review procedure in Pennsylvania.…Order No. 218…makes the Pennsylvania Supreme Court's discretionary review system 'unavailable.' Consequently petitioners need not seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a 'full opportunity to resolve any constitutional claims.'" 387 F.3d at 233-34 (internal citations omitted).

sentence at 2128 of 2006, *nunc pro tunc*, if his request for reinstatement of his direct appeal rights was successful. In either case, it is safe to assume that his PCRA petition and/or direct appeal remain pending before the state courts. Moreover, it is clear from the record that Petitioner's habeas claims were not exhausted in the state courts before Petitioner filed the instant petition. Petitioner is not permitted to present issues to this Court that have not yet been finally resolved in the state courts. Since the instant petition contains claims that have not been fully exhausted in the state courts, the petition should be dismissed. See Rose v. Lundy, 455 U.S. 509, 522 (1982)(holding that a district court must dismiss a petition containing both exhausted and unexhausted claims).

     **C.    Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the claims raised in Petitioner's Petition for Writ of Habeas Corpus were fully exhausted at the time Petitioner filed this action. Accordingly, a certificate of appealability should be denied.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss petition for writ of habeas corpus [Document # 12] be granted, that the instant petition

for writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrate Judges' Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of some appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  September 18, 2008